UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

RODNEY L. MCGEE,

        Plaintiff,

vs.                             Case No. 2:04-cv-159-FtM-29DNF

WILLIAM, Charlotte County Sheriff,
CHARLOTTE COUNTY MEDICAL DEPARTMENT,
DOCTOR DIA, Prison Health Services,
Inc.,

        Defendants.
_____/

**ORDER**

    This matter comes before the Court upon review of Defendant Prison Health Services, Inc.'s Motion to Dismiss (Doc. #18) filed June 19, 2005. The Court twice ordered Plaintiff to file a response to Defendant's Motion (See Orders of Court dated January 5, 2005 and October 4, 2005, Doc. #12 and #21, respectively). As of this date of this Order, Plaintiff has not filed a response to Defendants' Motion. This matter is now ripe for review.

    Plaintiff proceeding *pro se* filed a civil rights complaint under 42 U.S.C. § 1983 on March 17, 2004 (Doc. #1). At the time Plaintiff filed his Complaint he was an prisoner incarcerated within the Florida penal system. Plaintiff's Complaint alleges deliberate indifference in delaying Plaintiff medical care for a serious medical condition and seeks only monetary damages. When asked if Plaintiff has had any lawsuits or appeals from lawsuits dismissed as frivolous, malicious or for failure to state a claim

in Section IV of the civil rights complaint form entitled "Previous Lawsuits" , Plaintiff answered "no."  Complaint, Section, IV, Question D.  Consequently, after returning a Prisoner Consent Form and completed financial certificate, the Magistrate Judge granted Plaintiff's Motion to proceed in forma pauperis in this action (Doc. #10) on June 17, 2004.  As of the date of this Order, Plaintiff has made no payments toward the filing fee.

On April 26, 1996, the President signed into law the Prison Litigation Reform Act (hereinafter PLRA) which amended 28 U.S.C. § 1915 by adding the following subsection:

> (g) **In no event** shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g)(emphasis added).

Section 1915, known as the "Three Strikes Rule" only permits a prisoner to file "three meritless suits at the reduced rate." Dupree v. Palmer, 284 F.3d 1234, 1236 (11th Cir. 2002).  Proceeding in forma pauperis in a civil action is not a fundamental right, but rather is a privilege.  Rivera v. Allin, 144 F.3d 719, 724 (11th Cir. 1998).  Defendants, in their Motion to Dismiss brings to the Court's attention the  filings brought by Plaintiff in a Court of

the United States that were dismissed on the grounds that they were frivolous, malicious, or failed to state a claim upon which relief may be granted: (1)2:02CV529; (2)2:02CV575; (3)2:02CV576; (4) 2:02CV577; and (5) 2:03cv9.

Based upon this information, the Court has re-reviewed Plaintiff's Complaint and finds that at the time Plaintiff filed his suit he was not under imminent danger of serious physical injury, but rather was seeking monetary damages for allegedly unconstitutional conduct that may have occurred in the past. Additionally, the Court finds that Plaintiff did in fact bring three or more actions while he was incarcerated that were dismissed on the grounds that the suits were frivolous, malicious, or failed to state a claim. Thus, Plaintiff is mandated to pay the full fling fee at the time he initiates suit. Simmons v. Zloch, 148 Fed.Appx. 921 (11th Cir. 2005); Dupree v. Palmer, 284 F.3d 1234, 1236 (11th Cir. 2002). Consequently, the Order previously granting Plaintiff's application to proceed in forma pauperis (Doc. #10) will be VACATED and Plaintiff will be denied in forma pauperis status, and this action will be dismissed without prejudice.

Furthermore, the Court finds that Plaintiff clearly lied about his prior filing history. The Eleventh Circuit has expressly stated its approval of dismissing a case based on dishonesty in a complaint finding it tantamount to "abuse of the judicial process." See Rivera v. Allin, 144 F.3d at 731.

Therefore, it is now

**ORDERED:**

1. Prison Health Services, Inc.'s Motion to Dismiss (Doc. #18) is **GRANTED**.

2. The Order dated June 17, 2004 (Doc. #10) granting Plaintiff in forma pauperis status is **VACATED,** and Plaintiff's Motion to Proceed in forma pauperis (Doc. #2) is **DENIED**.

3. This case is hereby **DISMISSED** without prejudice.

4. The **Clerk of the Court** shall: 1) enter judgment accordingly; 2) terminate any pending motions; and 3) close this file.

**DONE AND ORDERED** in Fort Myers, Florida, on this ___7th___ day of March, 2006.

_____
JOHN E. STEELE
United States District Judge

SA:   hmk

Copies: All Parties of Record